PER CURIAM.
James Cochran appeals his conviction for attempted second degree murder with a firearm. He also appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Cochran argued in his initial brief that he and his counsel had not been present when the jury sent out a written question which was answered by the trial judge. The transcript included the judge’s remarks about the question and proposed ruling, and a statement by the assistant state attorney that he had no objection. However, this portion of the transcript was silent on the presence of the defendant and defense counsel, and did not reflect that defense counsel said anything when the court indicated its proposed ruling.
The State requested relinquishment of jurisdiction to determine whether the defendant and defense counsel had been present. We granted the motion.
The trial court took testimony from the prosecutor and defense counsel. The prosecutor testified that he had a clear recollection that the defendant and defense counsel were present because the prosecutor, defendant, defendant’s parents, and judge had waited for some period of time for defense counsel to return to court from his office when the court received the jury note. The trial judge’s recollection was the same.
Defense counsel testified that he had tried thirty to forty cases in front of this particular judge and did not have a specific recollection regarding the jury note in this case. He acknowledged, however, that the trial judge’s routine practice in all cases *1170 was to be sure that both sides were present before conducting any proceedings regarding a jury note. Based on the testimony and the court’s own recollection, the trial court made a finding that the defendant and his counsel were present during all portions of the trial, including jury questions. That being so, the conviction is affirmed.
In the meantime, defendant filed a pro se motion to correct illegal sentence, contending that he is entitled to relief under Heggs v. State, 759 So.2d 620 (Fla.2000). He argues that his scoresheet was prepared using the 1995 sentencing guidelines and that he is entitled to have his score-sheet recalculated and to be resentenced.
The trial court denied the motion, finding that the defendant’s scoresheet had been prepared in accordance with the 1994 sentencing guidelines. We concur that the scoresheet was correctly calculated.
Affirmed.